U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 4 2016
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

OSCAR ACOSTA, §
 §
    Movant, §
 §
VS. § NO. 4:15-CV-776-A
 § (NO. 4:13-CR-213-A)
UNITED STATES OF AMERICA, §
 §
    Respondent. §

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Oscar Acosta ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, and pertinent parts of the record in Case No. 4:13-CR-213-A, styled "United States of America v. Acosta," the court has concluded that such motion should be denied.

I.

Background

On January 17, 2014, movant entered a plea of guilty to possession of controlled substance with intent to distribute. CR Doc.[1] 26. Movant's advisory guideline range was 360 to 480 months imprisonment, and on May 2, 2014, the court sentenced him to a term of 420 months' imprisonment and four years of supervised

---

[1] The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:13-CR-213-A.

release. CR. Doc. 26; CR Doc. 33 at 4. Movant appealed his sentence and the sentence was affirmed. United States v. Acosta, 584 F. App'x 276 (5th Cir. 2014).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

Procedural History of the Motion

On October 15, 2015, movant filed "Defendants' Motion to Have the Government Re-Offer A Prior Plea Agreement to Defendant and Motion to Correct an Unconstitutional Sentence." Doc.[2] 1. The Clerk construed and docketed such motion as one brought under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. On October 16, 2015, the court ordered the government to respond to such motion and gave movant the opportunity to reply to the government's response by November 30, 2015. Doc. 4. In its response, the government suggested that the court notify movant that it may construe movant's filing as one brought under § 2255 and give movant the opportunity to withdraw or amend his filing. Doc. 7 at 1-2. On December 8, 2015, in an abundance of caution,

---

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-776-A.

in light of <u>Castro v. United States</u>, 540 U.S. 375, 377 (2003), the court notified movant of the intent to construe the filing as one under § 2255 and gave movant until December 22, 2015, to withdraw of amend his filing. Doc. 9. On December 21, 2015, movant sought a 60 day extension to withdraw or amend his current filing. Doc. 10. On that day, the court granted movant's motion in part giving him until January 22, 2016, to withdraw or amend his petition. Doc. 11. To date the filing has not been withdrawn or amended. Thus, the court is construing movant's filing as one brought under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

III.

Grounds of the Motion

Movant asserts two grounds in support of his motion.

GROUND ONE: Movant's counsel was ineffective in advising movant to plea guilty and not successfully negotiating a plea agreement. Doc. 1 at 6.

GROUND TWO: Movant's counsel was ineffective in failing to make various objections regarding movant's sentencing guidelines. Doc. 1 at 8.

IV.

Analysis

A. Pertinent Legal Principles

1. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2. <u>Legal Standard for Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Stated differently, the question is whether

counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.   The Grounds of the Motion are Without Merit

   1.   Ground One

Movant's first ineffective assistance of counsel claim is based on movant's claim that he is innocent and that he pleaded guilty based on counsels misrepresentation that he could get him "a plea to 10 years," which counsel failed to successfully negotiate. Doc. 1 at 3 and 6-7. In addition, he claims that counsel told him that "the government would not object to a sentence on the low end of the guidelines," and that he "could possibly get a below guideline sentence depending on how quickly [he] pled guilty." Doc. 1 at 7. Finally, movant claims that counsel failed to explain to him the consequences of his guilty plea. Doc. 1 at 7.

Movant's claims are not supported by the record. Movant not only entered a plea of guilty, he signed a factual resume that stated he was guilty of possession of a controlled substance with intent to distribute and stipulated to facts that supported his conviction. CR Doc. 18. In addition, the factual resume stated the penalty for such crime was imprisonment of not less than 5

years and not more than 40 years and he was sentenced within that range. CR. Doc. 18; CR. Doc. 26. At his arraignment hearing, movant stated on record that prior to signing the factual resume he read, understood, and discussed the legal meaning of the document with counsel. CR Doc. 46 at 25-26. The factual resume was also read aloud and movant testified that the facts set forth in the factual resume were true. CR Doc. 46 at 28-29.

In addition, movant testified that he did not have a "deal or understanding or agreement, either directly or through [his attorney] with the government." CR. Doc. 46 at 27. Movant testified that no one made any promises or assurances of any kind to induce him to enter a plea of guilty. CR. Doc. 46 at 27. Furthermore, at the very same hearing wherein he testified that there was no plea agreement, he testified that he was satisfied with his attorney and agreed that he did not have "any complaint with anything [his attorney had] done or failed to do while he was representing [him]." CR Doc. 46 at 26.

Movant's claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983). Merely stating that he is innocent and that he would not have pleaded guilty absent ineffective assistance of counsel will not suffice to establish an ineffective assistance of counsel

claim. See United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005). Furthermore, for a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).

The same is true for movant's allegations regarding a promised plea agreement or lower sentence. Movant's blanket allegations that he was told he would get a plea agreement of 10 years, that the government would not object to a sentence below the guidelines, and that his sentence would be on the low end of the guidelines are not supported by the record. Movant clearly testified that there was no promises, understandings, agreements, or assurances, between he and the government or anyone else. CR Doc. 46 at 26-27.

In addition, movant's claim that counsel failed to explain the consequence of the plea are clearly contradicted by the record wherein he testified that he discussed with counsel how the sentencing guidelines would apply in his case. Doc. 46 at 11. Furthermore, at his arraignment the court made clear that it was

the court that would determine his sentence. Doc. 46 at 11-14. Movant cannot prevail on an ineffective assistance of counsel claim by merely stating conclusory allegations clearly contradicted by the record. See Ross, 694 F.2d at 1012.

2. Ground Two

Movant's second ground is that counsel was ineffective in failing to challenge the presentence report as to the base offense level, the upward adjustments that were not proved beyond a reasonable doubt, and that the 18 U.S.C. § 3553 sentencing factors were not properly applied with regard to disparity among similar defendants with similar records found guilty of similar crimes. Doc. 1 at 8-11.

As to counsel's failure to object to the base level of his sentence, the factual resume movant signed stated movant consented to the search of a vehicle which contained 755 grams of white powder and that movant told an investigator the weight of methamphetamine found in the vehicle was originally 3 kilograms. CR. Doc. 18. As stated above, at his arraignment hearing, movant stated on record that prior to signing the factual resume he read, understood, and discussed the legal meaning of the document with counsel. CR Doc. 46 at 25-26. The presentence report held movant accountable for 738.9 grams of methamphetamine, which the presentence reports states is a conservative estimate. CR. Doc.

9

21 at 9-10. This amount of methamphetamine resulted in a base offense level of 36. CR. Doc. 21 at 11. Movant contends that his base offense level should have been 29. Doc. 1 at 8-9.

While this claim is styled as an ineffective assistance of counsel claim, a motion under § 2255 may not be used to address claims of misapplication of the sentencing guidelines which it appears is movant's main goal. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Even if this is an ineffective assistance of counsel claim, an ineffective assistance claim cannot be based on "an attorney's failure to raise a meritless argument," and here the presentence report was supported by plenty of evidence. See United States v. Kimbler, 167 F.3d 889, 893 (5th Cir. 1999) (citations omitted).

Next, movant claims that "the upward adjustments are not constitutionally justified, having not been proven beyond a reasonable doubt," and relies on Apprendi for this proposition. Doc. 1 at 9; Apprendi v. New Jersey, 530 U.S. 466 (2000). However, United States v. Booker, made clear that the federal sentencing guidelines are just advisory alleviating the problem movant alleges is present in this motion. 543 U.S. 220, 233, 259 (2005). As to counsel's failure to object to these upward adjustments, again, an ineffective assistance of counsel claim cannot be based the failure to raise a meritless argument. Kimbler, 167 F.3d at 893. Plenty of evidence, including movant's

factual resume, indicated that these upward adjustments were warranted such that the court cannot conclude that failure to object to these adjustments amounted to ineffective assistance of counsel. Neither has movant shown that counsel's failure to challenge the upward adjustments would have changed the outcome of the proceeding. See Strickland, 466 U.S. at 687.

Movant's final claim is that the court did not give enough weight to 18 U.S.C. § 3553(a)(6), which is the factor regarding disparity in sentences, when sentencing movant. Doc. 1 at 10. However, movant was sentenced within the guideline range and the court stated that the sentence was imposed taking into account "all factors considered in 18 United States Code Section 3553(a)." Doc. 26; Doc. 33 at 7. Furthermore, movant has provided no evidence to suggest that counsel's performance was unreasonable in failing to challenge the sentence based on disparity in sentences from similar cases. See Strickland, 466 U.S. at 687. As previously stated, movant cannot prevail on an ineffective assistance of counsel claim by merely stating conclusory allegations. See Ross, 694 F.2d at 1012.

V.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 4, 2016.

_____
JOHN McBRYDE
United States District Judge